OTIS BROWN, APPELLANT, v. ALBERT CASSADY, RESPONDENT.

*Practice — a new trial cannot be had in the County Court on an appeal from a judgment in summary proceedings — Code of Civil Procedure, secs. 2260, 3068.*

Upon an appeal to the County Court from a judgment entered in summary proceedings to recover the possession of land, instituted before a justice of the peace, a new trial cannot be had in the County Court. A new trial can only be had in cases in which either party in his pleading demands judgment for a sum exceeding fifty dollars. (Code of Civil Pro., § 3068.)

APPEAL from an order of the County Court of Allegany county, denying appellant a new trial in the County Court, on an appeal from a final order of a justice of the peace in summary proceedings.

*Daggatt & Norton*, for the appellant.

*E. E. & G. W. Harding*, for the respondent.

HAIGHT, J.:

The appellant, as landlord, instituted summary proceedings before a justice of the peace to remove the respondent from the premises described in the petition. The respondent filed an answer to the petition, and a trial was had before a jury who rendered a verdict in his favor. The justice thereupon entered a final order in the proceedings adjudging costs against the appellant. An appeal was then taken to the County Court of Allegany county, and in the notice of appeal the appellant demanded a new trial in the County

Court. The County Court held that he was not entitled to a new trial ; that the appeal could only be heard on argument. From the order entered upon such decision this appeal was taken.

The only question that it becomes necessary to consider is, whether or not the appellant was entitled to a new trial in the County Court. Section 2260 of the Code provides : " An appeal may be taken from a final order made as prescribed in this title, to the same court, within the same time, and in the same manner as where an appeal is taken from a judgment rendered in the court of which the judge or justice is the presiding officer and with like effect."

Summary proceedings may be instituted before the county judge, special county judge, justice of the peace and other officers mentioned in section 2234. An appeal may be taken from a final order made in the proceedings, in the same time and manner and with like effect as a judgment. So that in case the proceedings are before the county judge the appeal must be to the Supreme Court ; if before a justice of the peace, to the County Court. Conceding, therefore, that the appeal is the same as from a judgment, it remains to be determined whether or not the appellant would be entitled to a new trial in such case.

Section 3045 of the Code provides for an appeal, by any party aggrieved by a judgment rendered by a justice of the peace, to the County Court, etc. The sections following provide for the return and the papers upon which the appeal is to be heard, the court at which it shall be brought on for argument, etc., excepting cases prescribed in section 3068. That section provides that " where an issue of fact or an issue of law was joined before the justice, and the sum for which judgment was demanded by either party in his pleading exceeds fifty dollars, * * * the appellant may, in his notice of appeal, demand a new trial in the appellate court, and thereupon he is entitled thereto," etc.

It is only where the judgment demanded by either party exceeds fifty dollars that a new trial can be had. Is there or can there be any such demand in these proceedings? Section 2249 provides what the final order shall be. If the verdict or decision is in favor of the petitioner it must award to him the possession of the property, etc., and if in favor of the person answering, the judge must make final order accordingly, awarding costs, etc. No

judgment can be given for rent or damages, and none is asked in these proceedings.

It follows that these proceedings do not come within the provisions of section 3068, and consequently no new trial can be had.

The order should be affirmed, with ten dollars costs and disbursements.

BARKER, P. J., BRADLEY and LEWIS, JJ., concurred.

So ordered.